## STAFFORD vs. GRIMBALL.

*The sale of land carries with it all stipulations in regard to the property conveyed.*

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. This action is founded on a contract, entered into between Cheney the plaintiff's vendor, and certain other persons, who are parties to the same, relative to the manner in which the lines of their claims to land, under an act of congress granting to them the right of pre-emption, should be run.

The answer contains a general denial, and, also, a special plea, that the plaintiff, being no party to the agreement, is not entitled to its benefit, and cannot enforce the stipulations therein contained. The cause was proceeded in, by the district court, to final judgment in favor of the plaintiff; from which the defendant appealed.

It is evident from the statement of facts and judgment of the court below, that the appellee was allowed the benefit of the provisions, contained in the instrument of writing on which

he based his suit. It is equally clear that he is not one of the contracting parties in said instrument; a circumstance which renders it necessary to enquire whether, he be in any way subrogated to the rights, privileges and burthens of his vendor, as contained in the contract of the latter. In the deed of sale from Cheney to Grimball, no allusion whatever is made to the agreement, which the former had entered into with his neighbors, respecting the manner of running the division lines of their respective claims to land. On the instrument itself no assignment or transfer of right appears. But, in the absence of these express transfers, and consequent subrogation of the plaintiff, to the claims and obligations contained in the contract of the original parties, his counsel contends, that, being a covenant real, it does, *ipso facto*, by the sale and transfer of the land, in relation to which its stipulations are made, passes to the vendee. We have been unable, (in the authorities to which access could be had,) to find any thing satisfactory, on the subject of contracts, as distinguished into real and personal, applicable to the present case. The expressions, in the contract now under consideration, imply that it was to be

West'n District
Sept. 1823.

STEFFORD
vss
GRIMBALL.

extended beyond the immediate contracting parties. It is assignable. Its stipulation relates solely to real estate; and by the sale and transfer of any part of the land comprehended within said stipulations, to a third' person in full right and dominion, it is believed subrogation ought to take place. Admitting the plaintiff to the benefit of this agreement, as *ayant cause*, we are of opinion that the construction given to it by the court below, and the judgment rendered on the whole evidence of the cause, are correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Wilson* for the plaintiff, *Baldwin* for the defendant.